# IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA BUTTE DIVISION

| | |
|---|---|
| BIG SKY RANCH PARTNERS, LLC and MAKAR PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS LEE MAHLEN, HALVERSON MAHLEN & WRIGHT, P.C., and ZURICH AMERICAN INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No. CV-24-83-BU-JTJ<br><br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. EVID. 502(d)** |
| THOMAS LEE MAHLEN, and MAHLEN LAW FIRM, P.C.,<br><br>Crossclaimant,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Cross-Defendant. | |

## STIPULATION

IT IS STIPULATED AND AGREED by Big Sky Ranch Partners, LLC and

Makar Properties, LLC (collectively "Plaintiffs"), Thomas Lee Mahlen and Mahlen

Law Firm, P.C. (collectively "Mahlen"), and Zurich American Insurance Company

("Zurich") that Mahlen and Zurich are in possession of documents that may constitute attorney-client communications, attorney-work product, and/or "Magic Circle" documents as between: (1) Plaintiffs and Mahlen and/or Zurich; (2) Big Sky subsidiary, Lone Mountain, Inc., and Mahlen and/or Zurich; and (3) Auric Road LMR Management, LLC, an affiliated entity of Plaintiffs, and Mahlen and/or Zurich.

Recognizing the concerns of disclosure of attorney-client communications, attorney-work product, and/or "Magic Circle" documents ("Documents"), the parties agree as follows:

1.      Makar and Big Sky have the authority to enter into and bind their subsidiary and affiliated entities Lone Mountain Ranch, Inc. and Auric Road LMR Management, LLC to this Stipulated Protective Order.

2.      The Documents shall only be used for purposes of this litigation.

3.      The production and disclosure of the Documents is not a waiver of the attorney-client privilege, attorney-work product privilege, or "Magic Circle privilege" in any other federal or state proceeding.

4.      Upon request and within 30 days of the entry of a final non-appealable order in this lawsuit, the originals and all copies of the Documents shall be returned to the party producing the Document or, alternatively, it shall be certified in writing that all copies of the Documents have been destroyed. This paragraph shall not prevent the parties and their attorneys from maintaining depositions, and  deposition

and trial exhibits, to ensure completeness of their files, so long as those depositions, and  deposition and trial exhibits are maintained in secured servers. This paragraph survives the final judgment or settlement of this matter.

5.     The Documents, including copies, shall not be disseminated except to the following:

a.     Counsel for the parties and staff of counsel for the parties as may be necessary in this litigation in the judgment of that counsel.

b.     Any expert witness, or to any consulting expert, retained by the parties or their counsel. Prior to distribution, the expert witness or consulting expert shall be provided with a copy of this Stipulated Protective Order, and he/she shall acknowledge his/her agreement to be bound by this Stipulated Protective Order.

c.     Any person whose testimony is taken or is to be taken in this litigation during his or her testimony and in preparation therefore.

d.     Claim adjusters or other representatives of insurance carriers with any relevant insurance contract with a Defendant in this case.

e.     The Court and its personnel.

f.     Mediators.

6.     If copies of Documents covered by this Protective Order are made exhibits at any deposition or Court proceeding, those exhibits, at the request of any

attorney for a party, shall be filed under seal and continue to be treated as confidential information until a further order of the Court.

7.     If a dispute arises as to whether a particular Document is an attorney-client privileged document, attorney-work product document or "Magic Circle" document, or any other disputed matter relating to this Stipulated Protective Order, the party or attorneys contending a Document is an attorney-client privileged document, attorney-work product document or "Magic Circle" document may, after attempting and failing to resolve the dispute among counsel, file a motion to enforce the terms and conditions of the Stipulated Protective Order. The Documents shall be treated as protected under this Stipulated Protective Order until a court order determining otherwise is obtained.  The designation of a Document as protected under this Stipulated Protective Order does not create any presumption with regard to actual attorney-client privilege, attorney-work product privilege or "Magic Circle" privilege of any Document, nor does it affect the burden of proof necessary for obtaining a further order from the Court freeing the Document in question from designation as attorney-client privileged, attorney-work product privileged or "Magic Circle" privileged or further restricting of its use.

8.     This Stipulated Protective Order may only be amended by further order of this Court.

DATED this 22ⁿᵈ day of November, 2024.

MOORE, COCKRELL, GOICOECHEA & JOHNSON, P.C.

/s/ Dale R. Cockrell
Dale R. Cockrell
Eric M. Brooks
*Attorneys for Defendants Thomas Lee Mahlen and Halverson Mahlen & Wright, P.C. (n/k/a Mahlen Law Firm, P.C*

MORRISON, SHERWOOD, WILSON & DEOLA PLLP

/s/ John Morrison
John Morrison
*Attorneys for Plaintiffs Big Sky Ranch Partners, LLC and Makar Properties, LLC*

TARLOW, STONECIPHER, WEAMER & KELLY, PLLC

/s/ Patrick C. Riley
Patrick C. Riley
Matthew J. Kelley

PIA HOYT, LLC

/s/ Adam L. Hoyt
Adam L. Hoyt (*pro hac* forthcoming)
Scott R. Hoyt (*pro hac* forthcoming)

## ORDER

The foregoing Stipulated Protective Order is approved and is so ordered:

DATED this 22nd day of November, 2024.

_____
John Johnston
United States Magistrate Judge